IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRANITE CONSTRUCTION COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation,<br><br>    Defendant. | No. 1:25-cv-13067 |

## COMPLAINT

For its Complaint against Defendant, the City of Chicago (the "City"), Plaintiff, Granite Construction Company ("Granite"), states as follows:

## NATURE OF THE ACTION

1. Beginning in approximately May 2017, Granite[1] was hired by the City to complete construction on a project titled Lakefront Bicycle Trail #3 Over The Chicago River (the "Project" or "Contract"). Granite performed all of its obligations and completed the Project, including ordered changes to the Contract, to the City's satisfaction by approximately 2023. However, despite Granite's full performance under the Contract, the City's acknowledgment and acceptance of the completed work, and the City's agreement on the total amount owed for Granite's construction services furnished on the Project, the City has failed to pay Granite more than $5 million, which remains due and owing under the Contract.

---

[1] The Contract was originally entered into by Kenny Construction Company ("Kenny"). Granite acquired Kenny in 2012.

2. By this action, Granite seeks payment for the amount indisputably due and owed from the City, plus all applicable interest that continues to accrue. Granite brings claims for (a) Breach of Contract (Count I); (b) Account Stated (Count II); and (c) violation of the Local Government Prompt Payment Act (Count III).

## PARTIES, JURISDICTION, AND VENUE

3. Granite is a California corporation with its principal place of business in Watsonville, California.

4. The City is a municipal corporation of Illinois located in Cook County, Illinois.

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a) because Granite and the City are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the City is a resident of this judicial district and a substantial portion of the events complained of herein took place in this judicial district and the State of Illinois. Venue is also proper pursuant to the Contract, which provides for venue in "any Federal court of competent jurisdiction located within the boundaries of the Federal court district of the Northern District of Illinois." (**Exhibit A** at § XXIII(E).)

## BACKGROUND FACTS

7. In or about May 2017, Granite and the City entered into an agreement for Granite to perform certain construction services on the Project, which was assigned Project No. E-6-650.

8. Pursuant to the terms of Book 1, the "Contract" between the Parties includes, among other things, Granite's bid proposal as accepted by the City, Book 1 (Terms and Conditions for Construction, Book 2 (Instruction and Execution Documents), and Book 3 (Detail Specifications, Standards, and Details), drawings, addenda, and all exhibits and schedules

included or referenced. (**Exhibit A** at § I(B)(8).) True and correct copies of Book 1, Book 2, and Book 3 are attached as **Exhibits A, B, and C**, respectively.[2]

9. On or around December 18, 2023, Proposed Contract Modification No. 24 was executed by the City Commissioner and Chief Procurement Officer, which increased the Contract Price by $4,750,000.00. Granite signed the resulting Contract Modification No. 32, dated February 27, 2024, for that modification to the Contract on March 5, 2024. (**Exhibit D**.)

10. Granite fully furnished the work under the Contract, including all subsequent modifications thereto, and completed the Project to the City's specifications and full satisfaction.

11. As reflected in the City's accounting records for the Project, the accepted and completed Contract value, or "To Date Amount," is $58,207,518.43. (**Exhibit E**.) To date, the City has paid Granite only $52,876,052.24. Thus, the remaining principal balance due Granite is $5,331,466.19 (the "Outstanding Balance").

12. Importantly, the City has never challenged, questioned, or disputed the "To Date Amount" or the Outstanding Balance and monies owed Granite.

13. In fact, the City expressly acknowledges and admits the total amount due and owed. By emails dated July 18, 2025, the City confirmed it has paid Granite just $52,876,052.24 of the total amount owed for Granite's work. (**Exhibit F**.) The City further confirmed the Outstanding Balance remains due. (*Id.*)

14. Further, on August 7, 2025, the City again confirmed the Outstanding Balance and provided Granite information of how the City purportedly intended to source funding to pay Granite. (*Id.*)

---

[2] The voluminous additional documents that make up the defined "Contract" are not all included as exhibits, but are available.

15. On September 12, 2025, the City informed Granite that it had "identified over $500k in local funds that [the City] will be able to use to continue payments [to Granite] while we continue routes to get fed/state funds and other locals funds to address the outstanding payments." (*Id.*) The City again categorically confirmed its understanding that the Outstanding Balance was due Granite, stating "it is our intention to make payments on the outstanding balance as soon as funds are identified and not hold until our fed/state coordination has been reached." (*Id.*)

16. The City has not made any payments on the Outstanding Balance, which remains due and owing to Granite.

17. For more than two years since the Project was completed, the City has been promising to pay Granite the Outstanding Balance, thereby inducing Granite to forgo enforcement of its rights to pursue payment through a collection action. Indeed, the City has made periodic but incomplete payments during that time, most recently in March of 2025, but has not paid the Outstanding Balance.

## COUNT I
## BREACH OF CONTRACT

18. Granite incorporates its allegations in Paragraphs 1 through 17 as if fully set forth in this Paragraph.

19. The Contract is a valid and enforceable agreement between Granite and the City, supported by adequate consideration, and entered into freely by the City.

20. Granite fully performed its obligations under the Contract.

21. The City materially breached the Contract by failing to pay the Outstanding Balance.

4

22. As a result of the City's material breaches, Granite has been damaged in an amount of not less than $5,331,466.19, plus interest.

23. The Claims and Disputes provisions of the Contract have been waived by the City. (Exhibit A at § XX.) Granite has repeatedly and consistently contacted the City to notify it of its payment obligations and request payment of the unpaid balances. Rather than pay the undisputed amount owed, and despite having accepted and enjoyed the fruits of Granite's work since 2023, the City has acknowledged Granite's notices and promised that payment(s) would be forthcoming. The City's course of conduct demonstrates there is no dispute and payment(s) would be forthcoming. Granite justifiably relied on the City's conduct, including partial payments, while awaiting payment of the Outstanding Balance. Accordingly, the City is not entitled to rely on or invoke Section XX of the Contract.

24. Further, the Claims and Disputes provisions of the Contract do not apply to this claim. (Exhibit A at § XX.) Unlike the types of claims contemplated by the Contract and subject to Section XX (which provides a remedy for the Contractor to claim additional costs arising from extra or change order work), there is no dispute here regarding the construction services furnished by Granite, the City's acceptance of those services, and the amount due to Granite for those services. This is merely a claim for payment of an undisputed amount the City has acknowledged and admitted is overdue. There is no "dispute" for the City or the Commissioner to review or resolve. All that remains is for the City to make the final payment of the undisputed Outstanding Balance to Granite.

25. Additionally, the Contract provides "the remedies under the terms of this Contract are not intended to be exclusive of any other remedies provided." (Exhibit A at § XXI(D).)

5

WHEREFORE, Granite respectfully requests that the Court enter an Order granting judgment in favor of Granite and against the City on Count I and ordering the following relief:

    (a)    the award of compensatory damages in an amount to be determined, but not less than $5,331,466.19;

    (b)    the award of pre- and post-judgment interest;

    (c)    the award of Granite's costs; and

    (d)    such further relief as the Court deems just and proper.

## COUNT II
## ACCOUNT STATED

26. Granite incorporates its allegations in Paragraphs 1 through 17 as if fully set forth in this Paragraph.

27. There is an agreement between Granite and the City regarding Granite's work on the Project and the amounts due to Granite for that work.

28. Granite stated the Outstanding Balance to the City, and the City, through its Project accounting and communications, has repeatedly agreed the Outstanding Balance is stated correctly.

29. The City expressly promised to pay the Outstanding Balance, including most recently in its September 12, 2025, email to Granite. (**Exhibit F**.)

30. The City's promises to pay the Outstanding Balance are separate and beyond the City's promises to pay the full amount due to Granite under the Contract.

31. The City has enjoyed the benefit of the completed Project and, since at least February 2023, has stipulated to the Outstanding Balance. The City has not objected to either the completeness or quality of the work, or the statement of the Outstanding Balance.

WHEREFORE, Granite respectfully requests that the Court enter an Order granting judgment in favor of Granite and against the City on Count II and ordering the following relief:

(a) the award of compensatory damages in an amount to be determined, but not less than $5,331,466.19;

(b) the award of pre- and post-judgment interest;

(c) the award of Granite's costs; and

(d) such further relief as the Court deems just and proper.

### COUNT III
### VIOLATION OF THE LOCAL GOVERNMENT PROMPT PAYMENT ACT
### 50 ILCS 505/1, *et seq.*

32. Granite incorporates its allegations in Paragraphs 1 through 17 as if fully set forth in this Paragraph.

33. The City is a municipal corporation, and therefore subject to the Local Government Prompt Payment Act (the "Prompt Payment Act"). 50 ILCS 505/2.

34. Pay Estimate 24 (February 2023), the last progress payment application on the Project, covers the final billing. It purportedly was entered into CDOT's construction management system over two years later on May 30, 2025. (**Exhibit G**.)

35. Section 4 of the Prompt Payment Act provides, in relevant part, that the City shall pay its contractors "within 30 days after the date of approval [of the contractor's payment application]. If payment is not made within such 30-day period, an interest penalty of 1% of any amount approved and unpaid shall be added for each month or fraction thereof after the expiration of such 30 day period, until final payment is made." 50 ILCS 505/4.

36. The City has not made payments on the approved Outstanding Balance, the complete sum of which has been outstanding for more than 30 days from approval.

37. Granite is entitled to Prompt Payment Act interest of 1% per month, for every day in excess of 30 days that the City fails to pay Granite following approval of Granite's bills.

38. Granite is entitled to accrued interest since April 1, 2023 and through October 21, 2025, in the amount of $1,638,878.17, plus accruing interest at the rate of 1% per month or $1,752.81 per day.

WHEREFORE, Granite respectfully requests that the Court enter an Order granting judgment in favor of Granite and against the City on Count III and ordering the following relief:

(a) award Granite Prompt Payment Act interest in an amount to be determined;

(b) award Granite its costs; and

(c) award Granite such further relief as the Court deems just and proper.

Dated: October 27, 2025

Respectfully submitted,

GRANITE CONSTRUCTION COMPANY

By: s/ Daniel P. Jackson
One of Its Attorneys

Daniel P. Jackson
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
djackson@vedderprice.com
jreinisch@vedderprice.com
(312) 609-7500